# Exhibit A

## to FCA US's Notice of Removal

## Plaintiffs' Amended State Court Complaint filed December 16, 2021

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**BARBARA KENDRICK,**
**KATLETHA WILKERSON,**
and all others similarly situated,

       Plaintiffs,       Case No.  21-016134-NZ

       v.       Hon. Martha M. Snow

**FCA US LLC,**
a Foreign Limited Liability Company,

       Defendant.

_____/

**LIDDLE SHEETS COULSON P.C.**
STEVEN D. LIDDLE (P45110)
NICHOLAS A. COULSON (P78001)
MATTHEW Z. ROBB (P81665)
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
(313) 392-0015
sliddle@LSCcounsel.com
ncoulson@LSCcounsel.com
mrobb@LSCcounsel.com

*Attorneys for Plaintiffs*
_____/

**PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT AND JURY DEMAND**

       NOW COME the Plaintiffs, Barbara Kendrick and Katletha Wilkerson, by and through their attorneys, Liddle Sheets Coulson P.C., on behalf of themselves and all other persons similarly situated, and state in support of their First Amended Complaint against Defendant, FCA US LLC, as follows:

1

## NATURE OF THE ACTION

1. This action is necessary to protect the property rights of Plaintiffs and the putative Class, which have been unreasonably interfered with, and values depreciated, by noxious odors emitted from Defendant, thereby causing material injury to Plaintiffs' property through nuisance and negligence.

## JURISDICTION

2. Defendant FCA US LLC is a Foreign Limited Liability Company incorporated in Delaware with its principal place of business at 1000 Chrysler Drive, City of Auburn Hills, in the County of Oakland, State of Michigan.

3. Defendant accepts service through its registered agent, The Corporation Company, at 229 Brookwood Dr., Suite 14, South Lyon, Michigan 48178.

4. At all times relevant hereto, Plaintiff Barbara Kendrick has owned and resided in the home at 2641 Montclair, City of Detroit, County of Wayne, State of Michigan.

5. At all times relevant hereto, Plaintiff Katletha Wilkerson has resided in the home at 4696 Springle St., City of Detroit, County of Wayne, State of Michigan.

## VENUE

6. Venue is proper in this Court pursuant to MCL 600.1621, MCL 600.1627 and MCL 600.1629.

## GENERAL ALLEGATIONS

7. Defendant owns and operates the Stellantis Mack Assembly Plant located at 2101 Connor St/4000 St. Jean, City of Detroit, County of Wayne, State of Michigan (hereinafter the "Facility").

8. At its Facility, the Defendant assembles automobiles, including various versions of the Jeep Cherokee. As part of its Facility, Defendant operates a paint shop where it paints the automobiles assembled at the Facility.

9. The Facility is situated adjacent to a residential neighborhood.

10. According to US Census records, there are in excess of 10,000 people that reside within one mile of the Facility.

11. Plaintiffs and the putative Class reside within 1 mile of Defendant's Facility.

12. Defendant exercises exclusive control and/or ownership over the Facility.

13. A properly constructed, operated, and maintained Facility will not produce frequent, persistent, offensive offsite odors, because the emission of odors can be mitigated, controlled, and/or prevented.

14. Defendant has failed to properly construct, operate, and maintain its Facility to prevent the emission of offensive offsite odors.

15. On occasions too numerous to list, Plaintiffs' property, including Plaintiffs' neighborhood, residences and yards have been, and continue to be, physically invaded by noxious odors emitted from Defendant's Facility.

16. The odor emitted from the Defendant's Facility has been described by residents of the surrounding area as a very strong, foul odor that they can smell both inside and outside their homes.

17. Defendant's emission of noxious odors has been documented by numerous media reports and calls from members of Congress and Detroit City Council members to fine Defendant for its emission of nuisance odors.

18. As a result of Defendant's emission of noxious odors, more than 100 area households have submitted Data Sheets to Plaintiffs' counsel detailing the severe odors and the impact those odors have had on their ability to use and enjoy their homes.

19. As a result of Defendant's discharge of noxious odors into the nearby residential neighborhood, the Michigan Department of Environment, Great Lakes and Energy (EGLE) has issued the Defendant several Notices of Violation (NOV). These NOVs include the following:

- A NOV issued on September 20, 2021 based on inspections that occurred on August 27, 2021, August 31, 2021 and September 3, 2021 wherein EGLE inspectors found moderate to strong offsite paint solvent odors that were persistent and objectionable.

20. As a result of Defendant's emission of noxious odors, numerous neighbors have filed complaints with various governmental agencies and have attended at least one protest directed at Defendant's conduct.

21. A small sampling of the Data Sheets submitted to Plaintiffs' Counsel demonstrates that the allegations contained herein stem from recent odors emanating from Defendant's Facility based on Defendant's discrete tortious acts and omissions:

  a. On October 19, 2021, Lolita Alexander reported "First time I noticed an odor my eyes and throat would feel like a burning sensation, almost like a very strong bleach and my face would tingle."

  b. On October 21, 2021, Carmelisha Ayers reported that "The smell often gives me a headache well as leave an unpleasant scent in my home."

  c. On October 22, 2021, Kim Glass reported that "The smell is bad. I can't sit on my porch, can't barbeque because of the smell, can't sit outside at all with my granddaughter, get constant headaches."

  d. On October 22, 2021, Marco Martez Hicks, Jr. reported that "I have smell odors coming from the Detroit Mack Assembly Plant. It smells like rotten eggs. I would say it's solvent; it gives me headaches."

22. As a direct and proximate result of Defendant's negligence in operating and/or maintaining the Facility, Plaintiffs' property has been invaded by noxious odors.

23. The invasion of Plaintiffs' property by noxious odors from Defendant's Facility has caused Plaintiffs to suffer substantial temporary physical discomfort.

24. The foul odors emitted from the Facility are offensive to Plaintiffs and the putative Class and would be offensive to a reasonable person of ordinary health and sensibilities.

25. The invasion of Plaintiffs' property by noxious odors has caused Plaintiffs to suffer property damages.

26. The invasion of Plaintiffs' property by noxious odors has reduced the value of Plaintiffs' property and has interfered with Plaintiffs' use and enjoyment of their property, causing unreasonable inconvenience, annoyance, and discomfort.

## CLASS ALLEGATIONS

27. Plaintiffs bring this action on behalf of themselves and all others who have similarly suffered from noxious odors. Plaintiffs seek to represent a Class of persons preliminarily defined as:

> **all owner-occupants and renters of residential property situated within one mile (1.0) of Defendant's Facility.**

The class definition is subject to modification as discovery proceeds, and Plaintiffs reserve the right to propose one or more sub-classes if discovery reveals that such subclasses are appropriate.

28. The reason for not joining all potential Class members as Plaintiffs is that the putative Class includes thousands of members, thereby making it impractical to bring them before the Court.

29. There are many persons who have been similarly affected and the question to be determined is one of common and general interest to many persons constituting the Class to which

Plaintiffs belong and is so numerous as to make it impracticable to bring them all before the Court, for which reason Plaintiffs initiate this litigation for all persons similarly situated pursuant to MCR 3.501.

30. Numerous questions of fact and law common to the members of the Class predominate over any questions affecting individual members, and the claims of Plaintiffs Barbara Kendrick and Katletha Wilkerson are typical of the claims of the Class.

31. The maintenance of this litigation as a Class Action will be superior to other methods of adjudication in promoting the convenient administration of justice.

32. Plaintiffs' counsel, Liddle Sheets Coulson P.C., is experienced in similar litigation, having litigated numerous odor nuisance class actions.

33. Plaintiffs Barbara Kendrick and Katletha Wilkerson and Liddle Sheets Coulson P.C. will fairly and adequately assert and protect the interests of the Class.

## COUNT I

### NUISANCE

34. All allegations in this complaint are realleged and incorporated as if restated fully herein.

35. In the operation of its Facility, Defendant releases noxious and/or offensive odors into the surrounding community.

36. A condition or activity which unreasonably interferes with the use of property is a nuisance.

37. Plaintiffs did not consent for noxious odors to physically invade their property.

38. By causing noxious odors controlled by Defendant to invade Plaintiffs' property, Defendant substantially and unreasonably interfered with Plaintiffs' use and enjoyment of their property.

39. The noxious odors emitted from the Facility are offensive and would be offensive to a reasonable person of ordinary health and sensibilities.

40. Defendant's substantial and unreasonable interference with Plaintiffs' use and enjoyment of their property constitutes a nuisance for which the Defendant is liable to Plaintiffs for all damages arising from such nuisance, including compensatory and exemplary relief.

## COUNT II

### NEGLIGENCE

41. All allegations in this Complaint are realleged and incorporated as if restated fully herein.

42. In maintaining, operating, and/or controlling the Facility, Defendant has a duty to exercise ordinary care and diligence so that noxious odors do not invade neighboring residential properties, including Plaintiffs' and the putative Class who reside within 1 mile of the Facility.

43. Defendant knowingly breached its duty to exercise ordinary care and diligence when it improperly maintained and/or operated the Facility and knew, or should have known, that such actions would cause Plaintiffs' property to be invaded by noxious odors.

44. As a direct and proximate result of the failure of Defendant to exercise ordinary care, Plaintiffs' property has been physically invaded by noxious odors.

45. As a direct and proximate result of Defendant's negligence in operating and/or maintaining the Facility, Plaintiffs' property has been exposed to and invaded by noxious odors.

46. As a direct and proximate result of the invasion of Plaintiffs' property by noxious odors, Plaintiffs have suffered physically manifested property damages, including interference with use and enjoyment and diminution in value.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court declare Defendant liable to Plaintiffs in an amount in excess of $25,000.00 for causing noxious odors to enter upon Plaintiffs' property, award Plaintiffs all costs and attorney fees which resulted from the initiation of this litigation and award Plaintiffs such other equitable relief as is just under the circumstances.

Respectfully submitted,

**LIDDLE SHEETS COULSON P.C.**

Dated: December 16, 2021

_s/ *Steven D. Liddle*_
STEVEN D. LIDDLE (P45110)
NICHOLAS A. COULSON (P78001)
MATTHEW Z. ROBB (P81665)
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
(313) 392-0015
sliddle@LSCcounsel.com
ncoulson@LSCcounsel.com
mrobb@LSCcounsel.com

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**BARBARA KENDRICK,**
**KATLETHA WILKERSON,**
**and all others similarly situated,**

        Plaintiffs,        Case No. 21-016134-NZ

        v.        Hon. Martha M. Snow

**FCA US LLC,**
**a Foreign Limited Liability Company,**

        Defendant.

_____/

**LIDDLE SHEETS COULSON P.C.**
STEVEN D. LIDDLE (P45110)
NICHOLAS A. COULSON (P78001)
MATTHEW Z. ROBB (P81665)
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
(313) 392-0015
sliddle@LSCcounsel.com
ncoulson@LSCcounsel.com
mrobb@LSCcounsel.com

*Attorneys for Plaintiffs*

_____/

## PROOF OF SERVICE

STATE OF MICHIGAN    )
                             )ss.
COUNTY OF WAYNE     )

    Mark DeClerck deposes and states that he is employed by the Law Firm of Liddle Sheets Coulson P.C., 975 E. Jefferson Avenue, Detroit, Michigan, and that on December 16, 2021, he served a copy of The Plaintiffs' First Amended Class Action Complaint upon, Stephen A. D'Aunoy, via electronic mail to his last known email address.

I declare that the statements above are true to the best of my information, knowledge and belief.

    */s/Mark DeClerck*
Mark DeClerck
**LIDDLE SHEETS COULSON P.C.**
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
(313) 392-0015
mdeclerck@LSCcounsel.com