UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA KENDRICK, *et al*,

    Plaintiff,

v.

FCA US LLC,

    Defendant.

Case No. 21-cv-12995
Hon. Matthew F. Leitman

_____/

### ORDER (1) RESETTING BRIEFING DEADLINES; AND (2) GRANTING PLAINTIFFS LEAVE TO FILE A SECOND AMENDED COMPLAINT, IF NECESSARY

On November 22, 2021, Plaintiffs Barbara Kendrick and Katletha Wilkerson filed this putative class action against Stellantis Finance US, Inc. ("Stellantis") in Wayne County Circuit Court. (*See* Compl., ECF No. 1-3.) On December 16, 2021, Plaintiffs filed a First Amended Complaint ("FAC") in that court. (*See* FAC, ECF No. 1-1.) In the FAC, Plaintiffs dropped their claims against Stellantis and instead asserted claims against Defendant FCA US LLC ("FCA"). (*See id.*) Plaintiffs allege one count each of nuisance and negligence arising out of FCA's operation of a facility in Detroit, Michigan. (*See id.* at ¶¶ 34-46, PageID.19-21.)

FCA removed Plaintiffs' action to this Court on December 22, 2021 based on: (1) diversity jurisdiction, under 28 U.S.C. § 1332(a); (2) Class Action Fairness Act ("CAFA") jurisdiction, under 28 U.S.C. § 1332(d)(2); and (3) federal question

1

jurisdiction, under 28 U.S.C. § 1331. (*See* Notice of Removal, ECF No. 1.) On January 24, 2022, Plaintiffs filed a motion to remand this action back to Wayne County Circuit Court. (*See* Mot. to Remand, ECF No. 8.) In their motion, Plaintiffs contend that none of FCA's alleged bases for federal jurisdiction exist in this case. (*See id.*, PageID.55.)

On January 28, 2022, FCA filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Mot. to Dismiss, ECF No. 11.) One of FCA's bases for dismissal is that Plaintiffs have failed to plead sufficient facts to state viable claims under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). (*See id.*, PageID.94-98.)

Without expressing any view regarding the merits of either Plaintiffs' motion to remand or FCA's motion to dismiss, the Court concludes that the most efficient course of action is: (1) to resolve first Plaintiffs' motion to remand; and then, if necessary, (2) to grant Plaintiffs the opportunity to file a Second Amended Complaint in order to remedy the alleged deficiencies in their claims identified by FCA in its motion to dismiss.

This schedule accomplishes two things. First, it allows the Court to determine the threshold issue of whether it has jurisdiction prior to the parties, and the Court, expending additional resources on the substantive issues raised by FCA's motion to

dismiss.  Second, if the Court ultimately declines to grant Plaintiffs' motion to remand, it will provide Plaintiffs with an opportunity to address FCA's contentions regarding alleged factual deficiencies in their FAC.  The Court does not anticipate allowing Plaintiffs' another opportunity to amend or add factual allegations that they could, at that point, include in their Second Amended Complaint.  Simply put, that will be Plaintiffs' opportunity to allege any and all additional facts, currently known to them, that may cure the alleged deficiencies in their claims.

Accordingly, the Court **ORDERS** that the parties' briefing schedule shall proceed as follows:

- By **February 14, 2022**, FCA shall respond to Plaintiffs' motion to remand. Plaintiffs shall file their reply by **February 28, 2022**.

- While the Court considers the parties' briefing on the motion to remand, the briefing deadlines for FCA's motion to dismiss will be **paused**.

- Then, if the Court **denies** Plaintiffs' motion to remand, the parties shall proceed as follows:

    o Plaintiffs shall, by not later than **seven days** after the date on which the Court issues its decision on the motion to remand, notify the Court and FCA in writing whether they will amend their FAC.

    o If Plaintiffs provide notice that they will be filing a Second Amended Complaint, they shall file that amended pleading by not later than **twenty-one days** after the Court issues its decision on the motion to remand.  Upon the filing of a Second Amended Complaint, the Court will terminate without prejudice FCA's currently-pending motion to dismiss as moot.

    o If Plaintiffs provide notice that they will not be filing a Second Amended Complaint, they shall file a response to the currently-pending

3

motion to dismiss by not later than **twenty-one days** after the Court issues its decision on the motion to remand.

**IT IS SO ORDERED.**

                         s/Matthew F. Leitman
                         MATTHEW F. LEITMAN
                         UNITED STATES DISTRICT JUDGE

Dated: February 1, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 1, 2022, by electronic means and/or ordinary mail.

                         s/Holly A. Ryan
                         Case Manager
                         (313) 234-5126